**FILED**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ORIGINAL

JUL - 2 2013

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| 1. LINDA G. AUSTIN,<br>2. KELVY G. HILTON,<br>3. RAYMOND ISADORE,<br>4. ESTERLITA R. MARTIN,<br>5. JAMES W. WALSH,<br>as individuals and in behalf of all others<br>similarly situated,<br>          Plaintiffs,<br><br>     v.<br><br>THE UNITED STATES,<br><br>          Defendant. | No.<br><br>**13-446 C**<br><br>**CLASS ACTION COMPLAINT FOR<br>MONEY DAMAGES** |

The named Plaintiffs[1], on behalf of themselves and all others similarly situated, allege as follows:

## I.   INTRODUCTION AND FACTUAL ALLEGATIONS

1.     This action deals with premium pay that nurses and other health care workers employed by the Veterans Health Administration ("VHA") of the United States Department of Veteran Affairs ("VA"), who are entitled to be paid "additional pay" under 38 U.S.C. §7453(d) and 38 U.S.C.§7454(a) and (b)(1) for service performed on a holiday tour of duty which has been designated as a holiday by Federal statute or Executive order.   Specifically, this action seeks the recovery of back pay and interest on behalf of this class of present and former employees of the VHA who were not paid double-time for each and every hour of holiday service which must be calculated and paid pursuant to 38 U.S.C. §7453(d) and 38 U.S.C. §7454(a) and (b)(1) at the employee's rate of basic pay,

---

[1] A list of each Plaintiff's name, home address, occupation, place of employment, and the last four numbers of his or her redacted social security number, is attached as Plaintiff's Exhibit 1.

plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service.

2.      Plaintiffs, and members of the Plaintiff Class, are or were employed by the VHA during the preceding six (6) years as nurses (as that term is used in 38 U.S.C. §7453(d)), as physician assistants or expanded-function dental auxiliaries (as those terms are used in 38 U.S.C. §7454(a)), or as individuals employed in positions listed in 38 U.S.C. §7454(b)(1) and 38 U.S.C. §7401(3)(as amended) as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. §7453 was necessary in order to obtain or retain their services.

3.      Plaintiffs, and members of the Plaintiff Class, performed service on a holiday tour of duty designated by Federal statute or Executive order, but were not paid for each hour of such service their hourly rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service.

4.      Plaintiffs claim back pay as well as interest on such back pay pursuant to the provisions of the Back Pay Act, 5 U.S.C. §5596(b), reasonable attorneys' fees and costs.

## II.   JURISDICTION AND VENUE

5.      Jurisdiction over this action is conferred by 28 U.S.C. §1346(a)(2) (the Tucker Act), 5 U.S.C. §5596 (the Back Pay Act), 38 U.S.C. §7453(d), 38 U.S.C. §7454(a) and (b) and 28 U.S.C. §2501.

## III.  CLASS ACTION ALLEGATIONS

6.      Current and former employees of the VHA covered by this class action are defined as full-time and part-time registered nurses, registered nurses on the Baylor Plan, registered nurses on alternate work schedules, physician assistants, expanded-function

dental auxiliaries, and individuals employed in positions listed in 38 U.S.C. §7454(b)(1) and 38 U.S.C. §7401(3) (as amended) as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. §7453 was necessary in order to obtain or retain their services, all of whom are or were employed in the VHA of the VA.

7.      **Class Description:** The "opt-in" Plaintiff Class consists of all persons who meet the following qualifications:

All full-time and part-time registered nurses, registered nurses on the Baylor Plan, registered nurses on alternate work schedules, physician assistants, expanded-function dental auxiliaries, and individuals employed in positions listed in 38 U.S.C. §7454(b)(1) and 38 U.S.C. §7401(3) (as amended) as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. §7453 was necessary in order to obtain or retain their services, all of which are or were employed in the VHA of the VA; and

(A)   who performed service on a tour of duty which included a holiday designated as such by Federal statute or Executive order, including performed service on two tours of duty on the same holiday; and

(B)   who did not receive "additional pay" pursuant to 38 U.S.C. §7454(d), 38 U.S.C. §§7454(a) or 7457(b)(1) for each and every hour of such service at the employee's "rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service."

## IV.   THIS ACTION IS PROPERLY MAINTAINED AS A CLASS ACTION UNDER RULE 23 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS

8.      The Plaintiff Class is so numerous that joinder of all members is

impracticable and is estimated by the Plaintiffs to be in excess of 1,000 present and former employees; the precise number of the pool of potential class members is known by the Defendant from its computerized pay records.

9.      There are common questions of law and fact affecting the members of the class.  The overriding legal question in this case is whether the VA violated the holiday pay statutes of Title 38 by its systemic policy and practice at various VHA facilities of failing to include remuneration equal to double-time pay for each and every hour of holiday service by VHA employees who are or were employed in occupations identified in paragraph 7, *supra*, including "overtime service" and/or when the members of the Plaintiff class performed service on two tours of duty on the same holiday.

10.     Plaintiffs' claims are typical of the claims of members of the Plaintiff Class because the harm suffered by Plaintiffs was caused by the same systemic failure of the VA at other facilities to pay Plaintiff Class members double-time for each and every hour of holiday service.

11.     Plaintiffs do not have interests antagonistic to, or in conflict with, members of the Plaintiff Class.

12.     Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class.

13.     Plaintiffs have retained competent counsel experienced in class action litigation and in litigation involving federal pay statutes.

14.     Certification of this case as an "opt-in" class action is appropriate because Defendant has acted or refused to act on grounds generally applicable to the class by denying proper compensation to class members who performed service on a tour of duty which included a holiday but whose holiday "additional pay" was calculated and paid in violation of 38 U.S.C. §§7453(d), 7454(a) and 7454 (b)(1).

## V.    THE APPLICABLE LAW

15.    The relevant "additional pay" statutes applicable to Plaintiffs and the members of the Plaintiff Class unquestionably entitle such VHA employees to be paid double-time for each and every hour of service on a holiday which has been designated as such by Federal statute or Executive order, including "overtime service," and when class members perform service on two tours of duty on the same holiday.

16.    VA Handbooks and other official instructions as to the computation of holiday pay specifically exclude "overtime service" which is specifically included within the computation of holiday pay by 38 U.S.C. §7453(d).

17.    When registered nurses and other members of the Plaintiff Class perform service on two tours of duty on the same holiday, VA Handbooks and other official instructions as to the computation of holiday pay specifically include entitlement to double-time pay only for the tour of duty which begins on the holiday itself.

## VI.    FIRST CAUSE OF ACTION

18.    Plaintiffs incorporate herein by reference the allegations of this Complaint set forth in paragraphs 1 through 17 above.

19.    Plaintiffs, and members of the Plaintiff Class employed by the VHA who are similarly situated, performed service on a holiday within the last six (6) years preceding the date on which this action was filed in this Court.

20.    When Plaintiffs, and members of the Plaintiff Class, performed service on a tour of duty which included an officially designated holiday, the VA did not pay Plaintiffs and members of the Plaintiff Class "additional pay" pursuant to 38 U.S.C. §7453(d), 38 U.S.C. §7454(a) and 38 U.S.C. §7454(b)(1) for each hour of such service on such a tour of duty at the employee's "rate of basic pay, plus additional pay at a rate equal to such

hourly rate of basic pay, for that holiday service, including overtime service."

21.    As a result of the foregoing, there is due and owing under Title 38, United States Code, §§7453 (d), 7454 (a), and 7454 (b) (1), to Plaintiffs and members of the Plaintiff Class, payment equal to the amount of holiday premium pay that they should have received but did not receive over the last six (6) years, and interest thereon pursuant to 5 U.S.C. §5596(b).

22.    Plaintiffs are unable to determine the exact amount thereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of Defendant.

**VII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

(a)    Certify this action as an "opt-in" class action pursuant to RCFC 23; certify Plaintiffs as the class representatives; and approve the undersigned attorneys as Class Counsel and Co-Class Counsel;

(b)    Enter judgment against Defendant for back pay due Plaintiffs, and all other Plaintiff Class members, for service performed on holidays during the last six (6) years in an amount equal to the holiday premium pay pursuant to 38 U.S.C. §§7453(d), 7454(a) and 7454(b)(1) which Defendant unlawfully withheld for those hours of holiday service performed by Plaintiffs and members of the Plaintiff Class;

(c)    Award interest pursuant to 5 U.S.C. §5596(b) on all above amounts;

(d)    Award reasonable attorneys' fees and the costs and disbursements of this action to be paid by Defendant to Plaintiffs' counsel under the Back Pay Act; and

\ \ \

\ \ \

-6-

(e)   Grant such other relief as may be just and proper.

Dated: _____July 1_____, 2013

Respectfully submitted,

_Steven W. Winton_

STEVEN W. WINTON
WINTON LAW CORPORATION
Counsel for Plaintiffs
11440 West Bernardo Court,
Suite 214
San Diego, CA 92127
Telephone: (858) 385-0600
Fax: (858) 385-9389
E: SWWinton@WintonLawCorp.com

IRA M. LECHNER
Co-Counsel for Plaintiffs
4530 Wisconsin Avenue, N.W.,
Suite 250
Washington, D.C. 20016
Telephone: (858) 864-2258
Fax: (760) 839-5755
E: iralechner@yahoo.com