## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LINDA AUSTIN, et al.,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

THE UNITED STATES,

        Defendant.

No. 13-446 C

Judge Elaine Kaplan

**SETTLEMENT AGREEMENT**

SETTLEMENT AGREEMENT

For the purpose of disposing of plaintiffs' claims without any further judicial proceedings and without there being any trial or adjudication of any issue of law or fact, and without constituting an admission of liability on the part of the defendant, and for no other purpose, the parties stipulate and agree as follows:

1.     On July 2, 2013, plaintiffs filed this class action lawsuit seeking money damages under 38 U.S.C. §7453(d) and 38 U.S.C. §7454(a) for service performed on one or more holiday tour(s) of duty designated as a holiday by Federal statute or Executive Order.

2.     The plaintiffs and the class they represent are, or were, employees of the VA's Veterans Health Administration ("VHA"), employed by the VHA since July 2, 2007 as nurses (as that term is used in 38 U.S.C. §7453(d)), physician assistants, or expanded-function dental auxiliaries (as those terms are used in 38 U.S.C. 7454(a)), or as individuals employed in positions listed in 38 U.S.C. 7454(b)(1) and 38 U.S.C. 7401(3) (as amended) as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. 7453 was necessary in order to obtain or retain their services.

1

3.      Plaintiffs and the class they represent alleged that since July 2, 2007 they performed service on a holiday tour of duty designated by Federal statute or Executive Order, but were not paid for each hour of such service their hourly rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service.

4.      On November 20, 2014, the Court certified an opt-in class in this case and appointed Steven W. Winton of Winton Law Corporation as Class Counsel under Rule 23(g) of the Rules of the United States Court of Federal Claims (RCFC), and attorney of record under RCFC 83.1(c), and Ira M. Lechner as Class "Of Counsel." ECF No. 26.

5.      On March 31, 2015, the Court approved the parties' preliminary joint proposed class notification plan and appointed Epiq Systems (now known as Epiq Class Action and Mass Tort Solutions, hereinafter "Epiq") as the Class Action Administrator (the "Administrator"). ECF No. 40.

6.      In orders entered, on December 2, 2015 and September 19, 2016 the Court granted-in-part and denied-in-part the parties' cross-motions for summary judgment. *See Austin et al. v. United States,* 124 Fed. Cl. 410 (2015); *Austin et al. v. United States,* 128 Fed. Cl. 314 (2016).

7.      On December 2, 2016 the Court issued an order amending the class definition to conform with those rulings. ECF No. 82.

8.      On March 8, 2018, defendant produced a list of over 7,000 potential class members who were employees and/or former employees of the VA during the relevant period of July 2, 2007 to October 1, 2016 and who met the amended class definition.

9.      Commencing on or about December 18, 2018, the Administrator e-mailed and/or mailed Official Notices approved by the Court to the employees and former employees identified

as potential class members by the VA.  Thereafter, the VA determined that four thousand five hundred eleven (4,511) individuals (including heirs and estates of deceased individuals) whose names were identified as potential class members on the list prepared by the VA submitted a timely and valid claim with the Administrator for back pay and interest in this case.  An additional twelve (12) individuals whose names were identified as potential class members on the list prepared by the VA filed claims which were not timely, but defendant has nevertheless agreed that these individuals have valid claims for back pay and should be included in the settlement which is the subject of this Settlement Agreement.

   10. A group of 4,394 individuals who were not identified by the VA as potential class members, and who were not sent notice by the Administrator, also submitted timely claims.  The VA reviewed the payroll records of those 4,394 individuals. The VA determined that thirteen (13) of these individuals have valid claims for a total of fifteen (15) holiday tours of duty, but the other 4,381 do not have valid claims for back pay. On February 28, 2020 the Administrator mailed letters approved by the Court to the remaining 4,381 individuals (the "Denied Claimants"), inviting them to identify the Federal holiday(s) for which they claim to have not been paid correctly and to submit both Time and Attendance records and Payroll Records in support of their claims.  The Administrator received only one timely response and one untimely response to the letters sent to the Denied Claimants.  The VA subsequently verified that the one timely respondent had been paid correctly for service performed on holidays and within the amended class definition, but the one untimely respondent had not been paid correctly. Defendant subsequently agreed that the one untimely respondent should be included in any settlement.  The time to file a timely claim has expired.

3

11.     Thus, the VA has determined that a total of 4,537 individuals who filed a claim had valid claims for back pay. The VA calculated all the back pay damages owed to the 4,537 claimants who qualified for back pay. "Settlement Class Members," as used in this Settlement Agreement, refers to these 4,537 Class Members. The Settlement Class Members are identified in Exhibit A attached hereto, along with the amount of back pay the VA has determined they are owed.

12.     The VA has calculated pre-judgment interest owed to the Settlement Class Members through June 1, 2021 in the amount of $1,217,691.50. Plaintiffs have accepted this calculation and agree not to seek an award of any additional pre-judgment interest for the period after June 1, 2021 on the condition that this Settlement Agreement is given preliminary approval by the Court.

13.     Thereafter, the parties entered into discussions to attempt to resolve all claims contained in the complaint for back pay and interest with respect to the 4,537 Settlement Class Members.

14.     The plaintiffs have offered to settle all claims of the Settlement Class Members in exchange for payment by the United States of a total of $6,008,077.56, inclusive of all damages, interest, attorneys' fees and out of pocket expenses to the end of the case, and all administrative fees and costs to the end of the case (the "Settlement Amount"). The Settlement Amount consists of the following: $2,880,665.50 in back pay; $1,217,691.50 in interest as set forth in paragraph 12; $1,237,091.09 in attorneys' fees and expenses incurred to date and to be incurred through the end of the case; $220,370.69 for the employer's contribution of employment related taxes; and $452,258.78 in costs incurred to date and to be incurred through the end of the case by

4

the Class Action Administrator to administer the Class Action Settlement. Subject to this Court's approval as set forth in paragraph 34, defendant has accepted plaintiffs' offer.

15.     The plaintiffs' offer as set forth in paragraph 14 above has been accepted on behalf of the Attorney General.

16.     Upon payment of the Settlement Amount set forth in paragraph 14, plaintiffs, including all Settlement Class Members, release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of the Complaint or otherwise related to this case, regardless of whether they were included in the Complaint, including but not limited to any claims for costs, expenses, attorney fees, administrative fees and costs, and damages of any sort.

Disbursement of the Settlement Amount

17.     This Settlement Agreement applies only to those "Settlement Class Members" as defined in paragraph 11, as well as Steven W. Winton as Class Counsel and Ira M. Lechner as Class "Of Counsel," and Epiq as the Administrator.

18.     The Administrator will establish a Settlement Trust, designated the "Austin Class Qualified Settlement Trust" (the "Settlement Trust") to disburse the proceeds of the settlement. The administration and maintenance of the Settlement Trust will be the sole responsibility of the Administrator.

19.     Following approval by the Court, as described in the "Fairness Hearing" portion of this Settlement Agreement, the United States will pay the Settlement Amount, $6,008,077.56, to the Settlement Trust within thirty (30) days of the Court's order granting final approval of the settlement. Within fifteen (15) days of receipt of this amount, the Administrator will pay from the Settlement Trust any of the Administrator's fees or costs approved by the Court, any

attorneys' fees and costs awarded to Class Counsel and Class Of Counsel, any administrative fees and costs incurred as of that time, and any other reasonable settlement-related costs. The parties agree that, unless otherwise specified herein, the United States's obligations and duties to plaintiffs and to the Settlement Class Members under this Settlement Agreement will be fully satisfied upon payment by the United States of the Settlement Amount to the Settlement Trust. The United States makes no warranties, representations, or guarantees concerning any disbursements the Settlement Trust makes, or fails to make, to any potential claimants. If any class member has any disagreement concerning any disbursement, the class member shall resolve any such concern with the class Administrator.

20.    All attorneys' fees and expenses of plaintiffs' counsel, charges of the Administrator, and costs of providing notice and processing claims will be paid from the Settlement Trust, and the remaining amount will be the Net Settlement Fund. All payments to Settlement Class Members will be paid from the Net Settlement Fund. The Administrator is solely responsible for payment of any applicable taxes, including all Federal, state, and local taxes, owed as a result of the disbursement of the settlement proceeds.

21.    If there are sufficient funds in the Net Settlement Fund, the Administrator will pay Settlement Class Members one hundred (100) percent of their estimated retroactive back pay and interest thereon, as calculated by defendant and set forth in the list referred to in paragraph 11 of this Settlement Agreement and attached hereto as Exhibit A. If the Net Settlement Fund is incapable of paying one hundred (100) percent of estimated retroactive back pay, class members shall be paid on a *pro rata* basis.

22.    The Administrator will make payments in the form of a check from the Net Settlement Fund, mailed to the last known address of each Settlement Class Member. If a

Settlement Class Member's settlement payment check is returned as undeliverable, the Administrator shall make a reasonable attempt to locate a mailing address for that Settlement Class Member and re-mail the check once, but only if the check is returned within sixty (60) days of the date it was mailed.

23.     In the event the Administrator is unable to locate a valid mailing address, after undertaking the efforts discussed in paragraph 22, the amount represented by that check shall revert to the Net Settlement Fund.  In the event a Settlement Class Member loses, destroys, or is unable to take possession of a settlement payment check, the Administrator will void the original check and then reissue a new check to the Settlement Class Member, but only if a request to reissue the check is made by the Settlement Class Member within ninety (90) days of the issuance of the original check.  Any such request must be sent by mail to the Administrator.

24.     If any settlement payment check remains uncashed ninety (90) days after issuance, that check shall be void, and the amounts represented by that uncashed check shall revert to the Net Settlement Fund.

25.     After paying all approved claims and all items listed in paragraph 20, the Administrator shall return any amount that remains in the Settlement Trust to the United States, with a cover letter attaching this Settlement Agreement and identifying the amount returned pursuant to this paragraph.  The letter and any returned proceeds shall be addressed to: Department of Justice, Civil Division, Attn: Director, National Courts Section, P.O. Box 480, Ben Franklin Station, Washington, D.C.  20044.

Payment Of Taxes

26.     In accordance with Federal, state and local tax laws, the Administrator shall calculate the amount to be withheld from each claimant's individual settlement payment, as

required by applicable legal requirements. The Administrator shall timely remit such withheld funds, plus any employer's contributions for Social Security and Medicare, Federal and state unemployment taxes, and other employer-side payroll taxes, to the appropriate Federal, state, and local authorities and shall repcrt such withholdings and remissions to the appropriate authorities as required by law (*e.g.* Form W-2). The Administrator shall timely provide each class member it pays with the appropriate documentation of the submissions and remissions.

27.     If Settlement Class Members have any disagreements or concerns regarding the calculation and withholding of taxes, the Settlement Class Members shall resolve these concerns with the Administrator. Any time spent on, or costs incurred by, either the Administrator or Class Counsel relating to any such disagreements or concerns about the calculations and withholding of taxes shall not be billed to the Government in any way. Plaintiffs further agree not to seek reimbursement or award of any such fees or expenses relating to the calculation and withholding of taxes from the Court in this case. Unless otherwise expressly specified in this Settlement Agreement, the United States will have no role or obligation in calculating, withholding, or confirming the applicable taxes payable by each Settlement Class Member.

28.     Portions of any individual Settlement Award **not** subject to withholding will be issued with the appropriate tax form (*e.g.,* IRS Form 1099). Settlement Class Members shall be responsible for remitting to state and Federal taxing authorities any taxes due other than the amounts withheld from their wages and the amount of the employer's contribution. Settlement Class Members shall hold the defendant, Class Counsel, Class Of Counsel, and the Administrator harmless and shall indemnify the defendant, Class Counsel, Class Of Counsel, and the Administrator for any liabilities, costs and expenses, including attorney fees, assessed or caused

8

by any such taxing authority relating in any way to any taxes due, other than the amounts withheld from their wages and the amount of the employer's contribution.

Fairness Hearing

29.    As soon as possible and in no event later than twenty (20) business days after the execution of this Settlement Agreement, Class Counsel shall submit to the Court a motion for preliminary approval of the settlement contemplated by this Settlement Agreement. The motion shall include (a) the proposed form of the order preliminarily approving this Settlement Agreement, and (b) the proposed forms of notice of the settlement to the Settlement Class Members by posting on the internet website maintained by the Administrator at www.holidaypaycase.com (the "Case Website"). The parties shall request that a decision on the motion for preliminary approval of the settlement and on the proposed forms of notice of the settlement be made promptly on the papers or that a hearing on the motion for preliminary approval of the settlement be held at the earliest date available to the Court.

30.    Within ten (10) days of the Court's preliminary approval of this Settlement Agreement and of the proposed notice to the Settlement Class Members of the terms of this Settlement Agreement by posting on the Case Website maintained by the Administrator, the Administrator shall notify all Settlement Class Members of the terms of this Settlement Agreement, the procedures for allocating and distributing funds paid pursuant to this Settlement Agreement, the date upon which the Court will hold a "Fairness Hearing" pursuant to RCFC 23(e), and the date by which Settlement Class Members must file their written objection, if any, to the Settlement Agreement.

31.    Any Settlement Class Member may express to the Court his or her views in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed

settlement. If a Settlement Class Member objects to the settlement, such objection will be considered only if received no later than twenty-one (21) days following the Notice Date. The objection shall be filed with the Court, with copies provided to Class Counsel and defendant's counsel, and the objection must include a signed, sworn statement that (a) identifies the case name and number, (b) describes the basis for the objection, including all citations to legal authority and evidence supporting the objection, (c) contains the objector's name, address, and telephone number, and if represented by counsel, the name, address, email address, and telephone number of counsel, (d) indicates whether the objector has filed a claim form and opted in to the case, and (e) indicates whether the objector intends to appear at the Fairness Hearing.

32.    Class counsel and defendant's counsel may respond to any objection within ten (10) days after receipt of the objection.

33.    Any Settlement Class Members who submit a timely objection to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard to the extent allowed by the Court. Any Settlement Class Members who do not make and serve written objections in the manner provided in paragraph 31 shall be deemed to have waived such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

34.    After the deadline for filing objections and the responses to objections has lapsed, the Court will hold the Fairness Hearing at which it will consider any timely and properly submitted objections made by Settlement Class Members to the proposed settlement. The Court will decide whether to approve the Settlement Agreement, and any award of reasonable charges and expenses to be paid to the Administrator. The parties shall request that the Court schedule the Fairness Hearing no later than forty-five (45) days from the Notice Date.

10

35.     If this Settlement Agreement is not approved by the Court in its entirety, this Settlement Agreement will be void and of no force and effect whatsoever.

Wrap-up Of Settlement Trust And Conclusion Of The Case

36.     Within one hundred eighty (180) days of the date upon which the Administrator mails the last settlement check or the last re-mailed settlement check pursuant to paragraphs 22 and 23, including any replacement checks, the Administrator will provide the parties, through the parties' attorneys of record in this matter, with a full and final written accounting of all payments made from the Settlement Trust, including any funds returned to the United States. Within fifteen (15) days of the date that accounting is sent to the parties, the parties will confer to determine whether they are satisfied with the accounting. If not, they will attempt in good faith to resolve any dissatisfaction with the Administrator. If either party is not satisfied after such good faith efforts, either party may petition the Court to resolve the matter.

37.     Promptly after the parties agree that they are satisfied or promptly after the Court resolves any dissatisfaction, Class Counsel agrees to stipulate jointly with defendant to the dismissal of this case with prejudice.

Miscellaneous Terms

38.     This Settlement Agreement is for the purpose of settling this case, and for no other purpose. Accordingly, the terms of this Settlement Agreement shall not bind the parties, nor shall it be cited or otherwise referred to in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this Settlement Agreement.

39.     The plaintiffs warrant and represent that they have not filed any other action or suit with respect to the claims advanced in this suit in any other court, administrative agency, or

11

legislative body. "Claims advanced in this suit" means claims for holiday pay earned for shifts worked between July 2, 2007 and October 1, 2016, but which were never paid to plaintiffs who worked such shifts. The plaintiffs further warrant and represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid pursuant to this agreement by the United States to any such plaintiff(s) who violated a warranty or representation shall be refunded promptly by such plaintiff(s), together with interest thereon at the rates provide in 41 U.S.C. § 7109, as computed from the date the United States makes payment.

40.     Except as described herein, this Settlement Agreement is in no way related to or concerned with any Federal income taxes owed by the plaintiffs, class members, class counsel, the class Administrator, or any other person collectible by the United States as a result of the Settlement Agreement or for which any of these persons may in the future be liable to the United States.

41.     This Settlement Agreement sets forth the entire agreement of the parties with respect to the subject matter hereof as to all Settlement Class Members. No modification or addition to this Settlement Agreement or waiver of any right herein will be effective unless it is approved in writing by counsel for the parties and by the Court.

42.     The parties agree that each fully participated in the drafting of this Settlement Agreement, and therefore, no clause shall be construed against any party for that reason in any subsequent dispute.

43.     In the event that a party believes that the other party has failed to perform an obligation required by this Settlement Agreement or has violated the terms of the Settlement

Agreement, the party who believes such a failure has occurred must so notify the other party in writing and afford it forty-five (45) days to cure the breach, prior to initiating any legal action to enforce this Settlement Agreement or any of its provisions.

44.    Plaintiffs' counsel represents that they have been and are authorized to enter into the agreement on behalf of plaintiffs.

45.    This document constitutes a complete integration of the Settlement Agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

STEVEN W. WINTON
Class Counsel
WINTON LAW CORPORATION
11440 West Bernardo Court
Suite 300
San Diego, CA 92127
Telephone: (858) 385-0600
E: SWWinton@WintonLawCorp.com


s/Ira M. Lechner
IRA M. LECHNER
Class Of-Counsel
1150 Connecticut Ave., N.W.
Suite 1050
Washington, D.C. 20036
Telephone: (858) 864-2258
E: iralechner@yahoo.com

Attorneys for Plaintiffs


DATED: May 18, 2021


BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

DEBORAH A. BYNUM
Assistant Director and Authorized
Representative of the Attorney General

ALBERT S. IAROSSI
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3755
Email: albert.s.iarossi@usdoj.gov
Attorneys for Defendant


DATED: MAY 24, 2021

13