# In the United States Court of Federal Claims

|  |  |
|---|---|
| LINDA G. AUSTIN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | No. 13-446C <br> (Filed: June 21, 2021) |

### ORDER

      Plaintiffs and members of their class are or were employed by the Veterans Health Administration ("VHA") of the United States Department of Veteran Affairs ("VA") as nurses and other health care workers (hereinafter "nurses") who are entitled to receive "additional pay" for services performed on a federally recognized holiday, in accordance with 38 U.S.C. § 7453(d), 38 U.S.C. § 7454(a), and 38 U.S.C. § 7454(b)(1). In their complaint, filed on July 2, 2013, Plaintiffs contended, among other things, that the policies governing holiday pay for nurses, set forth in the VA's Handbook, are inconsistent with 38 U.S.C. § 7453(d). ECF No. 1. They further contended that, as a result of the application of those policies, Plaintiffs and members of the class did not receive payment at holiday rates for all hours for which such rates are mandated by the statute. Id. ¶ 21.

      The Court certified this matter as a class action on November 20, 2014. See Order, ECF No. 26. In opinions issued on December 2, 2015 and September 19, 2016, the Court granted-in-part and denied-in-part the parties' cross-motions for summary judgment, ECF Nos. 60 & 76, and on December 2, 2016, issued an order amending the class definition to conform with those rulings, ECF No. 82.

      Presently before Court is Plaintiffs' unopposed motion for preliminary approval of a proposed settlement for all 4,537 class members in this case and proposed notice plan pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC"). See Pls.' Unopposed Mot. for Prelim. Approval of the Settlement Agreement of Back Pay, Interest, Attorneys' Fees and Costs, Costs and Expenses of Administration, and Employer Related Taxes, Under the Back Pay Act, Approval of the Website Notice to the Class, and Scheduling of a Fairness Hr'g ("Pl.'s Mot."), ECF No. 150. In their motion, Plaintiffs request that the Court: (1) preliminarily approve the settlement agreement; (2) approve the proposed Notice to the Settlement Class Members; (3) approve the posting of such notice via the Internet; and (4) schedule a fairness hearing. Id. at 1.

Under RCFC 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." In implementing RCFC 23(e), the Court conducts a preliminary fairness evaluation of the proposed settlement, then directs notice of the settlement be provided to the class, and last, may grant final approval of the proposed settlement following notice to the class and a fairness hearing. Barnes v. United States, 89 Fed. Cl. 668, 670 (2009).

At the preliminary fairness evaluation stage, the Court's role is not "to reach any ultimate conclusions regarding the merits of the dispute, nor to second guess the settlement terms." Id. Its only task is to examine the settlement agreement for "obvious deficiencies." Thomas v. United States, 121 Fed. Cl. 524, 528 (2015).

According to Plaintiffs' motion, the VA has determined that a total of 4,537 individuals filed valid claims for back pay. Pl.'s Mot. at 1; see also Settlement Agreement ¶¶ 8–11, ECF No. 150-1. The parties have reached an agreement regarding the terms of a proposed settlement which provides for payment of all amounts owed to Settlement Class Members, Pl.'s Mot. at 2— consisting of $2,880,665.50 in back pay, $1,217,691.50 in interest, and $220, 370.69 for the employer's contribution of employment related taxes—to be disbursed to Class Members in accordance with the amounts set forth in the parties' approved claimant list. See Ex. A to Settlement Agreement, ECF No. 153; Settlement Agreement ¶ 14. The proposed Settlement Agreement also provides for reimbursement of attorneys' fees and costs in the amount of $1,237,091.09, and for the payment of $452,258.78 to the Administrator for its fees and costs. Settlement Agreement ¶ 14.

The parties' proposed agreement, which has been approved by the authorized representative of the Attorney General, id. ¶ 15, thus in total provides for payment of $6,008,077.56, inclusive of all damages, id. ¶ 14. Upon review, the Court does not find any deficiencies in the proposed Settlement Agreement, which provides that each Settlement Class Member receive the full amount of back pay which she is owed, such that it may not be preliminarily approved. See [Proposed] Order Granting Prelim. Approval of Settlement Agreement, Notice to the Class, Process and Timing for Objs., and Scheduling of Fairness Hr'g ¶ 35, ECF No. 150-2 (noting that the agreed payment amounts to "one hundred percent of the amount of unpaid accrued and accumulated back pay" and that "individual recoveries have been uniformly calculated and proportionately distributed based on a detailed analysis of each class member's individual pay and leave records").

Further, when parties propose to resolve the claims of a certified class through settlement, RCFC 23(e)(1)(B) obligates the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Haggart v. Woodley, 809 F.3d 1336, 1348–49 (Fed. Cir. 2016) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Thereafter, the Court's final approval may be granted "only after a hearing and on finding that [the proposed settlement] is fair, reasonable, and adequate." RCFC 23(e)(2); see also Lambert v. United States, 124 Fed. Cl. 675, 677 (2015) ("In implementing RCFC 23(e), courts typically review the proposed settlement for a preliminary fairness evaluation and direct notice

of the [proposed] settlement to be provided to the class, and then grant final approval of the proposed settlement following notice to the class and a fairness hearing.").

The parties propose that an Official Notice of the Settlement Agreement to the Settlement Class Members, Pl.'s Mot. Ex. 3, ECF No. 150-3, be posted on the class action website maintained by the Class Action Administrator at www.holidaypaycase.com, Pl.'s Mot. at 2; see also Settlement Agreement ¶ 29. The Court has determined that Plaintiffs' proposed notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them the opportunity to comment on or object to the proposed settlement in advance of the fairness hearing. The Court accordingly approves both the proposed notice and its posting via the Internet. The parties shall notify all Settlement Class Members of the terms of the Settlement Agreement and their right to file objections to the terms thereof, the procedures for allocating and distributing funds paid pursuant to the Settlement Agreement, that the Court will hold a "Fairness Hearing" pursuant to RCFC 23(e), and of Settlement Class Members' right to attend the Fairness Hearing.

Pursuant to the foregoing, Plaintiffs' unopposed motion for preliminary approval of a settlement agreement of back pay, interest, attorney's fees and costs, costs and expenses of administration, and taxes, under the Back Pay Act, ECF No. 150, is **GRANTED**. The Court further **ORDERS** as follows:

1. The Administrator shall post the notice of the proposed Settlement Agreement on the website maintained for this class action by **June 28, 2021**.

2. Settlement Class Members shall provide any written objections to the proposed settlement agreement to Class Counsel, Steven W. Winton, at Winton Law Corporation, 11440 West Bernardo Court, Suite 300, San Diego, CA 92127. Such objections must be received no later than **July 26, 2021**.

3. Plaintiffs' counsel shall file any written objections received from Settlement Class Members on or before **August 2, 2021**.

4. Plaintiffs' counsel and the government shall file responses to these objections on or before **August 16, 2021**.

5. A fairness hearing shall be held on **August 31, 2021 at 2 PM EST**. The fairness hearing shall be held telephonically, and the Court will provide call-in information to the parties and any participating plaintiffs in advance of the hearing.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge